UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISHNAN NARAYAN, et al., | Case No.  25-cv-11000-SVK |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION TO DISMISS** |
| JOSEPH B. EDLOW, et al., | Re: Dkt. No. 7 |
| Defendants. | |

On December 26, 2025, Plaintiffs Kirshnan Narayan and his wife, Sathya Dorairajan, filed this action against Joseph B. Edlow in his official capacity as Director of United States Citizenship and Immigration Services ("USCIS") and USCIS itself (collectively, Defendants or the "Government."). Dkt. 1 ("Complaint"). They challenge the Government's failure to timely adjudicate their I-485 Applications to Register Permanent Residence or Adjust Status ("I-485 Applications"). *Id*. Plaintiffs filed their applications concurrently with I-526E Immigrant Petitions on March 10, 2025. *Id.* at 1. The I-526E petitions were approved on August 15, 2025. *Id.* As of the date of this Order, Plaintiffs' I-485 Applications have been pending for 13 months, with 8 months having passed since the I-526E petition approvals. *See id.* On March 3, 2026, the Government filed a Motion to Dismiss (the "Motion"), which is now before the Court. Dkt. 7. All Parties have consented to magistrate-judge jurisdiction. Dkts. 10-11.

**A.     8 U.S.C. § 1252(a)(2)(B)(ii) Does Not Strip this Court of Subject Matter Jurisdiction Over "Pace-of-Adjudication" Claims Because Defendants Have a Non-Discretionary Duty to Adjudicate I-485 Applications**

The only issue raised in the Government's Motion is whether this Court "lacks jurisdiction to compel the adjudication of I-485 adjustment applications under the jurisdiction-stripping provision of the INA, 8 U.S.C. § 1252(a)(2)(b)(ii)." Dkt. 7 at 2. The Court determines that this matter may be resolved without oral argument. Civil L.R. 7-1(b). For the reasons that follow, the

United States District Court
Northern District of California

Court **DENIES** the Government's Motion.

This Court first addressed whether "8 U.S.C. § 1252(a)(2)(B) strips the Court of subject matter jurisdiction over [a] case" challenging the failure of the USCIS to adjudicate certain immigration applications, including an "I-485 (Application to Register Permanent Residence or Adjust Status)." *Varniab v. Edlow*, No. 25-cv-10602-SVK, 2026 WL 485490, at *2 (N.D. Cal. Feb. 20, 2026).[1] Subsequently, the Court squarely addressed the question of subject matter jurisdiction as applied "to simple unreasonably delay/pace-of-adjudication claims on a motion to dismiss." *Gao v. Mullin et al.*, No. 25-cv-01479-SVK, 2026 WL 948665, at *2-5 (N.D. Cal. Apr. 8, 2026) (quoting and analyzing *Varniab v. Edlow*, 2026 WL 485490, at *1-2, *6-8 and *9-13). The Government here raises precisely the same argument, citing the same authorities, as it did in *Gao*. *See* Dkt. 7 at 4-8.

Accordingly, because this case presents precisely the same issue as *Gao*, the Court incorporates by reference its reasoning and decision in *Gao*. *Gao*, 2026 WL 948665, at *2-5. The only apparent factual distinction between this case and *Gao* is the length of time that Plaintiffs' EB-5-based I-485 Applications have been pending. *Compare* Dkt. 1 at 1 and ¶¶ 13-14 *with Gao*, 2026 WL 948665, at *5. However, as the Court explained in its decision in *Wang v. Edlow*, "while the length that an application has been pending without any action may be cause for granting or denying a motion to dismiss on 12(b)(6) grounds, … it does not change the Court's analysis as to subject matter jurisdiction." *Wang v. Edlow*, No. 25-cv-10689-SVK, 2026 WL 1021204, at *5 (N.D. Cal. Apr. 15, 2026) (citing *Khachutorov v. Britten*, 792 F. Supp. 3d 1106, 1115-17).

Accordingly, the Government's Motion to Dismiss is **DENIED**.

////

////

---

[1] Unlike the case at hand, *Varniab* arose on a motion for preliminary injunction, and with the "additional layer [of] the December 2, 2025 USCIS issued Policy Memorandum PM-602-0192, which placed an 'adjudicative hold' on a wide range of pending requests for immigration benefits filed by aliens from a list of certain countries." *See Gao v. Mullin et al.*, No. 25-cv-01479-SVK, 2026 WL 948665, at *2 n. 5 (N.D. Cal. Apr. 8, 2026) (quoting *Varniab v. Edlow*, 2026 WL 485490, at *1).

**A.      The Court Declines to Address the Parties' Other Arguments, and Grants in Part and Denies in Part Plaintiffs' Motion to Strike or in the Alternative for Leave to File a Sur-Reply as Moot**

In light of the conclusion that Section 1252(a)(2)(B)(ii) does not strip this Court of jurisdiction over pace-of-adjudication claims, the Court need not address Plaintiffs' alternative arguments that 5 U.S.C. §§ 555(b) and 706(1), the Administrative Procedure Act ("APA"), coupled with 28 U.S.C. § 1361, the Mandamus Act, form an independent basis for jurisdiction. *Gao v. Mullin*, 2026 WL 948665, at *5 (declining to address the same).

Finally, the Court addresses the Government's Reply and Plaintiffs' proposed sur-reply.  In their administrative motion to strike or in the alternative for leave to file a sur-reply, Plaintiffs complain of five new arguments raised by the Government in reply:

1.  Plaintiffs Due Process claim must also be dismissed as barred by Section 1252(a)(2)(B)(ii);

2.  Plaintiffs have failed to plead a protected liberty or property interest as required for a Due Process claim;

3.  Plaintiffs' Due Process claim is foreclosed under *Na Li v. Chertoff*, 2008 WL 11342782 (C.D. Cal. 2008) and *Munoz v. Ashcroft*, 339 F.3d 950 (9th Cir. 2003);

4.  The APA and Mandamus Act do not independently confer jurisdiction over Plaintiffs' claims; and

5.  The USCIS's "timing and sequencing" of applications are discretionary actions that are unreviewable under Section 1252(a)(2)(B)(ii)

The Court is not convinced that the first and fifth points above are "new" arguments but, in any case, they are moot in light of the Court's decision in *Gao*, incorporated above.  *See Wang*, 2026 WL 1021204, at *6 (denying sur-reply on the same points as moot).  Accordingly, Plaintiff's motion to strike or for leave to file a sur-reply as to these arguments is **DENIED as moot**.

The Court need not address the fourth point because, as noted above, it does not reach Plaintiffs' alternative argument in light of its decision under Section 1252(a)(2)(B)(ii). Accordingly, Plaintiff's motion to strike or for leave to file a sur-reply as to these arguments is **DENIED as moot**.

United States District Court
Northern District of California

3

Finally, the Court agrees with Plaintiff that the Government's Motion did not challenge any claims (let alone the Due Process) claim on 12(b)(6) grounds. Accordingly, the second and third points, raised for the first time on reply, are new arguments. Thus, the Government has waived these arguments at the pleading stage (although it may raise these challenges, as appropriate, at a later stage). *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("[A] district court need not consider arguments raised for the first time in a reply brief."). Accordingly, Plaintiff's motion to strike these two arguments is **GRANTED**.

II.    **CONCLUSION**

For the foregoing reasons, the Court **DENIES** the Government's Motion to Dismiss and **GRANTS IN PART** and **DENIES IN PART as moot** Plaintiffs' Motion to Strike or for Leave to File a Sur-Reply.

The Government's answer to Plaintiffs' Complaint is **due no later than May 7, 2026**.

**SO ORDERED.**

Dated: April 16, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

4